IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs on March 8, 2016

**JENNIFER HANNAH v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Davidson County
No. 2008-D-4138     Steve Dozier, Judge**

**No. M2015-01766-CCA-R3-PC – Filed May 16, 2016**

The Petitioner, Jennifer Hannah, appeals as of right from the post-conviction court's denial of her petition for post-conviction relief, wherein she challenged her convictions for four counts of child neglect, one count of first degree felony murder during the perpetration of aggravated child neglect, and two counts of delivering a controlled substance to a minor. On appeal, the Petitioner contends that she received ineffective assistance of counsel based on trial counsel's failure to call a "material" witness for the defense. Following our review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and CAMILLE R. MCMULLEN, J., joined.

Elaine Heard, Nashville, Tennessee, for the appellant, Jennifer Hannah.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Counsel; Glenn R. Funk, District Attorney General; and Robert Wilson Jones, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

FACTUAL BACKGROUND

Following a jury trial, the Petitioner was convicted of four counts of child neglect, one count of first degree felony murder during the perpetration of aggravated child neglect, and two counts of delivering a controlled substance to a minor. The trial court imposed a total effective sentence of life imprisonment. A panel of this court upheld the Petitioner's convictions on direct appeal. State v. Jennifer Hannah, No. M2012-00842-CCA-R3-CD, 2014 WL 117400, at *1 (Tenn. Crim. App. Jan. 14, 2014), perm. appeal denied (Tenn. July 8, 2014).

As recounted by the court on direct appeal, the Petitioner's convictions arose when Davidson County emergency personnel were sent to the Petitioner's home in Nashville. Emergency personnel went to the Petitioner's home after receiving two 911 calls that the victim was not breathing. Upon arrival, they discovered the lifeless body of the sixteen-month-old victim. Id. at *1.

Investigators began by interviewing the victim's parents, the Petitioner and her husband, Michael Hannah. One of the investigators testified that the Petitioner told him she was taking the following prescription medications: Oxycontin, Percocet, and Oxycodone. Another investigator checked the Petitioner's prescription pill bottles and found that based upon the amount prescribed, there were insufficient pills in the bottle for at least one medication. The Petitioner was unable to tell the investigators where the missing pills were located. Id. at *2.

An investigator from the medical examiner's office also collected a sippy cup belonging to the victim. The sippy cup was located in the same playpen in which the victim was found. Id. at *3. Forensic testing revealed that the contents of the sippy cup contained Oxycodone. Id. at *5.

An autopsy was performed on the victim, and laboratory test results revealed that both Oxycodone and Alprazolam were present in the victim's system at levels that would be lethal for a child or an adult. There were no obvious signs of trauma on the victim. Id. at *4. The medical examiner found the cause of the victim's death was a drug overdose of Alprazolam and Oxycodone. She also stated that the victim's death was a homicide. Id. at *5.

Following the medical examiner's report, investigators obtained a warrant to search the Petitioner's residence for drugs. During the search, officers recovered multiple prescriptions for the Petitioner, including prescriptions for Oxycodone and Alprazolam. Investigators found additional prescription bottles with the incorrect amount of pills based upon the amount prescribed. Additionally, they discovered multiple pills located throughout the house. Most of the pills were contained in pill bottles, but some were loose. Id. at *3.

A few months after the death of the victim, an investigator attended a custody hearing regarding the Petitioner's other daughter. During her testimony, the Petitioner admitted she prepared the sippy cup of milk for the victim and denied that her husband had prepared the cup. She testified that her husband was not living in the home at the time of the victim's death. She also admitted that her husband had previously told her to keep medicine away from the victim. Id. at *7.

-2-

A friend of the Petitioner's husband, Michael Orman, testified at the Petitioner's trial. He stated that he and his girlfriend, Carissa Desorbo, visited the home of the Petitioner to meet the victim.[1] Mr. Orman testified that he observed the Petitioner and Ms. Desorbo exchange pills. Later, he watched Ms. Desorbo crush pills on the counter while the Petitioner stood next to her. He claimed that the Petitioner observed Ms. Desorbo take a pill out of one of the bottles, hold that pill next to a baby bottle, and then measure the pill against the numbers on the baby bottle. Mr. Orman believed Ms. Desorbo and the Petitioner were attempting to place drugs in the bottle when he walked in the room and asked what they were doing. Additionally, Mr. Orman testified he heard an argument between the Petitioner and her husband in which the Petitioner complained that the victim was keeping her awake every night. Another witness at trial also testified that the Petitioner told her that Ms. Desorbo gave her baby Xanax to get the baby to sleep. Id. at *8.

Following her unsuccessful direct appeal, the Petitioner filed a timely pro se petition for post-conviction relief. An attorney was appointed, and the Petitioner filed an amended petition. The Petitioner alleged that trial counsel was ineffective for failing to adequately prepare for trial, particularly for trial counsel's failure to use Ms. Desorbo as a witness.[2] The post-conviction court held an evidentiary hearing and subsequently issued an order denying the petition for post-conviction relief.

Both the Petitioner and her trial counsel testified at the evidentiary hearing. The Petitioner stated that her trial counsel was unable to locate Ms. Desorbo to call her as a defense witness at trial. The Petitioner claimed that Ms. Desorbo's testimony would have refuted the testimony of Mr. Orman and that Ms. Desorbo's failure to testify affected the outcome of her trial.

During his testimony, the Petitioner's trial counsel explained that he talked with Ms. Desorbo while investigating the Petitioner's case. Once the State gave him notice that it intended to use Mr. Orman as a witness at trial, he located Ms. Desorbo at the Harding Place jail and conducted an interview. Ms. Desorbo asserted that the events Mr. Orman described never occurred. Trial counsel shared the content of this interview with the Petitioner. Then, he stated he negotiated a settlement of the case with the prosecution. After he communicated the prosecution's negotiated plea offer to the Petitioner, she decided to accept the prosecution's offer and plead guilty.

---

[1] Both Ms. Desorbo's and Mr. Orman's names are spelled inconsistently throughout the record, and we have adopted these spellings for clarity from this court's opinion on direct appeal.

[2] The Petitioner alleged several other grounds for relief, which have not been maintained on appeal.

However, the Petitioner later decided she did not want to enter a plea agreement and preferred to go to trial. At that time, Ms. Desorbo had been released from custody, and trial counsel was unable to locate her. Trial counsel filed a motion for continuance to allow for more time to locate Ms. Desorbo, but the trial court denied his motion. Trial counsel testified that if he had known he was taking the Petitioner's case to trial rather than entering a plea agreement, he would have ensured Ms. Desorbo was under subpoena for trial.

Additionally, Ms. Desorbo did not testify at the post-conviction court's evidentiary hearing.

Following the final judgment of the post-conviction court denying relief, the Petitioner appealed to this court.

## ANALYSIS

On appeal, the Petitioner maintains that trial counsel was ineffective for failing to call Ms. Desorbo as a defense witness. The Petitioner maintains that Ms. Desorbo would have "refuted everything that Mr. Orm[an] had said" during his testimony at trial. With respect to this issue, the State responds that the Petitioner failed to show that trial counsel's failure to call Ms. Desorbo was prejudicial. The State contends that trial counsel's performance was reasonable and that the evidence presented at trial was sufficient to support the Petitioner's conviction.

Post-conviction relief is available when a "conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. Criminal defendants are constitutionally guaranteed the right to effective assistance of counsel. Dellinger v. State, 279 S.W.3d 282, 293 (Tenn. 2009) (citing U.S. Const. amend. VI; Cuyler v. Sullivan, 446 U.S. 335, 344 (1980)). When a claim of ineffective assistance of counsel is made under the Sixth Amendment to the United States Constitution, the burden is on the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); see Lockhart v. Fretwell, 506 U.S. 364, 368-72 (1993).

Deficient performance requires a showing that "counsel's representation fell below an objective standard of reasonableness," despite the fact that reviewing courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 688-89. Prejudice requires proof of "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "Because a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides

-4-

a sufficient basis to deny relief on the ineffective assistance claim." Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996). The Strickland standard has been applied to the right to counsel under article I, section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

The burden in a post-conviction proceeding is on the petitioner to prove his allegations of fact supporting his grounds for relief by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f); see Dellinger, 279 S.W.3d at 293-94 (Tenn. 2009). On appeal, we are bound by the trial court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456 (Tenn. 2001). Additionally, "questions concerning the credibility of the witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved" by the post-conviction court. Id. Because they relate to mixed questions of law and fact, we review the trial court's conclusions as to whether counsel's performance was deficient and whether that deficiency was prejudicial under a de novo standard with no presumption of correctness. Id. at 457.

The Petitioner asserts that trial counsel was ineffective for failing to call Ms. Desorbo as a defense witness. However, it is well-established that "[w]hen a petitioner contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the petitioner at the evidentiary hearing." Black v. State, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). "[T]his is the only way the petitioner can establish that failure to call the witness to the stand resulted in the denial of critical evidence which inured to the prejudice of the petitioner." Id. Because the Petitioner did not produce her proposed witness at the evidentiary hearing, she has failed to establish that counsel was ineffective in this respect. This issue is without merit.

CONCLUSION

Upon consideration of the foregoing and the record as a whole, the post-conviction court's denial of the petition for post-conviction relief is affirmed.

_____

D. KELLY THOMAS, JR., JUDGE

-5-